UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY THOMPSON,

                Petitioner,

-vs-                                              Case No.  8:06-cv-126-T-17MAP

JAMES V. CROSBY, JR.,

                Respondent.

_____

## **ORDER**

Jerry Thompson petitions for the writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  Thompson states that his judgment of conviction was entered May 19, 1994.

However, he appealed, and, on January 26, 1996,  the state district court of appeal

affirmed the judgment and sentence, but struck the improper probation conditions and

the $2.00 cost.  The order read, in part:

> Jerry L. Thompson has appealed from his conviction for attempted second degree murder. We find no error in the asserted impermissible admission of evidence, and we affirm the judgment and sentence.
>
> Certain special conditions of probation imposed at sentencing, however, were not orally pronounced and must be stricken: (1) portions of condition number four that prohibit carrying of weapons not enumerated in section 790.23, Florida Statutes (1993); (2) that portion of condition number seven prohibiting the defendant from using intoxicants to excess; and (3) that portion of condition twelve requiring the defendant to pay for breathalyzer, blood, or urine tests, unless the fee is waived by an officer. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995); Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). Furthermore, the $2.00 cost imposed pursuant to section 943.25(13), Florida Statutes (1993), should also be stricken. Watson v. State, 647 So.2d 245 (Fla. 2d DCA 1994).

Judgment and sentence affirmed but we strike the improper probation conditions and the $2.00 cost.

Thompson v. State, 667 So. 2d 447 (Fla. 2d DCA 1996).

Thompson states that he filed a Rule 3.850 motion in the state trial court. He does not provide the date on which he filed the petition; however, a search of the online database for the Twelfth Judicial Circuit Court shows that he filed the motion for postconviction relief on August 11, 2003. The state trial court held an evidentiary hearing and denied the motion for postconviction relief on March 2, 2004.

Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Thompson's conviction was final in 1996, ninety days after the state district court of appeal entered its order set out above. See Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002) (conviction final on direct appeal when the period for filing a petition for writ of certiorari in the United States Supreme Court expires). Thompson had until 1997

to file a Rule 3.850 motion.  He did not do so.  He waited until 2003 to file the Rule 3.850, more than one year after his conviction was final on direct appeal.  The filing of the 2003 Rule 3.850 motion did not toll the running of the limitations period because the one-year period had already expired in 1997. Therefore, the present federal petition, signed and filed in 2006, is time-barred.

Thompson has not shown that any extraordinary circumstances require the tolling of the one-year period.  Such tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time. See Sandvik, 177 F.3d at 1271-1272 (citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); Calderon v. United States District Court, 163 F.3d 530, 541 (9th Cir. 1998)(en banc); Miller v. New Jersey Department of Corrections, 145 F.3d 976, 978 (10th Cir.), cert. denied, 119 S.Ct.(1998)); Turner v. Singletary, 46 F. Supp. 2d 1238, 1242 (N.D. Fla. 1999).

In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3rd Cir. 2001) (citing Freeman v. Page, 208 F.3d 572 (7th Cir.2000) (finding no basis for equitable tolling where the statute of limitations was changed to shorten the time for filing a PCRA only four months prior to the filing of the petition); Taliani v. Chrans, 189 F.3d 597 (9th Cir.1999) (finding lawyer's inadequate research, which led to miscalculating the deadline, did not warrant equitable tolling).

Accordingly, the Court orders:

1. That Thompson's petition for writ of habeas corpus is dismissed as time-barred.  The Clerk is directed to enter judgment against Thompson and to close this case.

2. That  the Court will consider a motion to reopen the case if the motion is filed within 30 days of the date of this order and Thompson can show that his Rule 3.850 motion was timely filed, or that he was in some way entitled to equitable tolling.

ORDERED at Tampa, Florida, on January 27, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Jerry Thompson